IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL VAN CASTER,

               Plaintiff,

  v.

CATHY JESS, M. GREENWOOD, E. DAVIDSON,
C. O'DONELL, B. HOMPE, RANDALL HEPP,
CHRIS KREUGER, DYLON RANDTKE,
LAURA BARTOW, J. LABELLE, L. ALSUM,
STACY POLK, D. THENARSKI, MLODZIK,
CANDICE WHITMAN, JULIE LUDWIG,
CHARLES LARSON, ROBERT FRANK,
YVETTE MOORE, STELIGA, DENISE BONNETT,
APRIL ROELKE, ROBERT WATERMAN,
J. BASSUENER, JOHN BAHR, OTTO, GREG PAUL,
and CATHY SCHIER,

               Defendants.

OPINION and ORDER

18-cv-845-jdp

---

Plaintiff Michael Van Caster, appearing pro se, is a prisoner at Fox Lake Correctional Institution. Van Caster brings this lawsuit under 42 U.S.C. § 1983, alleging that a large number of prison staff members are blocking his ability to contact an attorney or exhaust his inmate grievances, are subjecting him to unsafe drinking water, leading to him suffering health problems, and are retaliating against him for deciding to bring this lawsuit. He has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), as previously directed by the court.

The next step is for me to screen Van Caster's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read his pro se complaint generously, *see Haines v.*

*Kerner*, 404 U.S. 519, 521 (1972) (per curiam), and accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). For reasons explained below, I conclude that Van Caster's allegations violate Federal Rules of Civil Procedure 8 and 20, because he does not explain how each of his claims belong in the same lawsuit and how each defendant was involved in violating his rights. I will dismiss the complaint, but I will give him a chance to file an amended complaint that fixes these problems.

Van Caster names 28 people as defendants in his original complaint. His allegations generally fit into three categories:

- Prison officials are blocking him from contacting lawyers or exhausting his inmate grievances.

- Prison officials know that the water at FLCI is contaminated by lead and copper but they do nothing to fix the problem. They also fail to arrange for proper treatment for the medical problems that he is experiencing—including a cyst on his kidney and blood in his urine—that he believes are caused by the water.

- Prison officials are retaliating against him for announcing that he intended to file a lawsuit about these problems; they have "made harassing comments and body language." Dkt. 1, at 10.

I conclude that Van Caster's allegations, at least as they are presently written, violate the Federal Rules of Civil Procedure, so I will dismiss his complaint. Under Federal Rule of Civil Procedure 20, defendants cannot be joined together in a lawsuit unless the claims asserted against them arise out of the same occurrence or series of occurrences. The three sets of allegations listed above all concern separate sets of occurrences. Although Rule 18 permits a plaintiff to join as many otherwise unrelated claims as he has against an opposing party, each of his three sets of allegations involve overlapping but not identical groups of defendants, so the claims cannot all be joined in one lawsuit.

The other major problem with Van Caster's complaint is that he provides lists of defendants that he says are responsible for depriving his rights in a certain way, but he does not actually say what each defendant did to harm him. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

I will give Van Caster a short time to submit an amended complaint that complies with these rules. He should start by picking which one of the three sets of allegations listed above that he considers most important. Then, he should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should avoid listing the names of several defendants and vaguely alleging that they violated his rights. Instead, he should explain what each defendant did to violate his rights.

Then, if Van Caster would still like to bring some of his other claims in this same lawsuit, he will need to explain how the events in the separate sets of allegations are connected to each other. Or he will need to make sure that the only defendants he names for the additional set of allegations are also named as defendants for the first set of allegations.

If Van Caster decides not to attempt to join one or both of the other categories of allegations in this lawsuit, he may still respond by explaining that he would like to bring another set of allegations in a brand-new second lawsuit, keeping in mind that he would owe another $350 filing fee for a second lawsuit.

Van Caster has also filed a motion seeking to add even more defendants and claims to the case, related to a prison official unsanitarily handing inmates' food, and other officials threatening him after he complained about it. Dkt. 6. Van Caster's allegations regarding these claims are better spelled out than his others, but they run into the same problems under Rules 18 and 20: the events appear to be unrelated to the other events described above, and the set of defendants he names regarding these allegations do not completely overlap with the defendants he names regarding any of his other sets of allegations. So I will deny his motion to amend his complaint by adding this set of allegations.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Van Caster's complaint, Dkt. 1, is DISMISSED for failure to comply with the Federal Rules of Procedure.

2. Plaintiff's motion to amend his complaint to add new allegations, Dkt. 6, is DENIED.

3. Plaintiff may have until January 4, 2019, to submit a proposed amended complaint address the problems with his original complaint noted in the opinion above.

Entered December 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge