IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL VAN CASTER,

            Plaintiff,

v.

RANDALL HEPP, CHRIS KREUGER,
DYLON RANDTKE, LAURA BARTOW,
CANDICE WHITMAN, JULIE LUDWIG,
CHARLES LARSON, ROBERT FRANK,
YVETTE MOORE, STELIGA, DENISE BONNETT,
ROBERT WATERMAN, and JOHN BAHR,

            Defendants.

ORDER

18-cv-845-jdp

---

Plaintiff Michael Van Caster, appearing pro se, is a prisoner at Fox Lake Correctional Institution. Van Caster alleges that defendant prison officials are not properly treating his medical problems, including gastrointestinal "issues," a cyst on his kidney, and blood in his urine. He has filed motions for the court to appoint him counsel, to issue "no contact" orders against defendants, and to block defendant Laura Bartow from reviewing his inmate grievances.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold

requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Van Caster has met this requirement.

But the court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Van Caster says that he has very limited legal knowledge, that he has a jailhouse lawyer assisting him, and that he will not be able to litigate a case about complex medical issues. But Van Caster's lack of legal knowledge is a very common impediment for pro se filers in this court that in itself is not a reason to recruit counsel. And it is too early to tell whether the case will truly boil down to complex medical issues. For example, the case has not even passed the relatively early stage in which defendants often file a motion for summary judgment based on exhaustion of administrative remedies, which can end up in dismissal of cases like this one before they advance deep into the discovery stage of the litigation. Also, the court will provide some guidance to Van Caster: after defendants file their answer, the court will hold a preliminary pretrial conference by telephone and issue an order detailing many of the procedures that Van Caster will be expected to follow in litigating the case.

So I will deny Van Caster's motion. As the lawsuit moves forward, if he continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

Van Caster has filed two motions that I take to be for preliminary injunctive relief to block defendants from interacting with him, particularly regarding his medical care and his inmate grievances. Dkt. 17 and Dkt. 18. He states that because of his lawsuit, defendants now have a conflict of interest in interacting with him. He specifically asks to be transferred to the Wisconsin Resource Center for mental-health treatment and to block defendant Bartow from reviewing his future grievances.

Van Caster's current motions do not comply with the court's procedures for briefing such motions. Under these procedures, a plaintiff must file with the court detailed proposed findings of fact supporting his claim, along with any evidence he has to support those findings. Van Caster does not provide any proposed findings of fact or supporting evidence. I will direct the clerk of court to attach a copy of the court's procedures concerning motions for injunctive relief to this order.

Van Caster should also be aware that a preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." *Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998). The Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. Under the PLRA, the injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

This court does not issue "no contact" orders as a matter of course; the mere fact that Van Caster must still interact with defendants is not enough to support injunctive relief. This case is not about Van Caster's mental-health treatment, so I cannot consider issuing an injunction on an issue unrelated to the claims in this case. He does suggest that defendant Bartow is biased against him, but he does not actually explain how he knows this is so or how it has harmed him, given that he is able to appeal any denied grievance. So besides failing to follow this court's procedures, he fails to show why the court should take the relatively drastic step of intervening with his treatment in prison.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Van Caster's motion or the court's assistance in recruiting him counsel, Dkt. 16, is DENIED.

2. Plaintiff's motion for no-contact orders, Dkt. 17, and motion to block defendant Bartow from reviewing his inmate grievances, Dkt. 18, are DENIED.

3. The clerk of court is directed to send plaintiff a copy of this court's procedures for briefing motions for injunctive relief.

Entered January 15, 2019.

BY THE COURT:

_/s/_____
JAMES D. PETERSON
District Judge