```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WISCONSIN
```

MICHAEL VAN CASTER,

              Plaintiff,

  v.

RANDALL HEPP, CHRIS KREUGER,                       ORDER
DYLON RANDTKE, LAURA BARTOW,
CANDICE WHITMAN, JULIE LUDWIG,                  18-cv-845-jdp
CHARLES LARSON, ROBERT FRANK,
YVETTE MOORE, STELIGA, DENISE BONNETT,
ROBERT WATERMAN, and JOHN BAHR,

              Defendants.

Plaintiff Michael Van Caster alleges that defendant prison officials are not properly treating his medical problems, including gastrointestinal "issues," a cyst on his kidney, and blood in his urine.

Van Caster has filed a document he titles "Supplement to Complaint," in which he asks to amend his complaint in two ways: (1) add as a "John Doe" defendant the Wisconsin Department of Corrections' insurer; and (2) allow him to bring claims against defendants in both their individual and "professional" capacities. Dkt. 42.

Defendants respond that the state is self-insured and there is no insurance company to name as a Doe defendant. So I will deny Van Caster's motion to add the Doe defendant.

I'm not entirely sure what Van Caster means by his request to add claims against defendants in their "professional" capacities. Defendants say that it is undisputed that they acted within the course of their DOC employment and so it is "unnecessary and duplicative" to consider the request. I will assume that Van Caster means to bring claims against defendants in their "official" capacities. Official-capacity claims against state officials are essentially claims

for injunctive relief—and not for damages—against the state itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To establish that he is entitled to injunctive relief on official-capacity claims, Van Caster must show that a policy or custom of the state played a part in the alleged constitutional deprivations. But he does not allege that in his amended complaint. So I will not grant him leave on official-capacity claims.

Van Caster renews his motion for the court's assistance in recruiting him counsel, saying that the case involves complex medical issues and that he has a lack of legal knowledge and suffers from "a psychological disability" and a learning disability. But as I told him previously, without seeing what issues the parties dispute, I am not yet convinced that the case will truly boil down to complex medical issues. Unfortunately, it is common for pro se litigants to receive mental health treatment, and most prisoner litigants lack legal knowledge. But the court cannot recruit counsel for every pro se party asking for help. So I will deny Van Caster's motion for recruitment of counsel.

As the lawsuit moves forward, if Van Caster continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to better explain how his lack of legal knowledge or disabilities prevent him from performing specific legal tasks. If he finds it difficult to meet a specific court deadline, then he should write the court, explain the problem, and seek an extension of that deadline.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Van Caster's motion to add a John Doe defendant insurer, Dkt. 42, is DENIED.

2. Plaintiff's motion to add official-capacity claims, Dkt. 42, is DENIED.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 46, is DENIED.

Entered July 24, 2019.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge